# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2019 DEC 10 PM 4:45
CLERK Casbell
SO. DIST. OF GA.

| | |
|---|---|
| RUTHIE LEE,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | CV 2:19-140 |

## ORDER

Before the Court is a motion to dismiss filed by Defendant Select Portfolio Servicing, Inc. Dkt. No. 4. Plaintiff has filed no response to the motion, and the time for doing so has passed.

### BACKGROUND

On July 23, 2019, Plaintiff filed a Complaint in the Superior Court of Glynn County seeking cancellation of a security deed on real property. Dkt. No. 1-1. On November 13, 2019, Defendant filed a notice of removal to this Court. Dkt. No. 1.

Following the removal of the case, the Clerk mailed notice of the removal to Plaintiff's counsel, which included a notification that "PLAINTIFF'S COUNSEL INTENDING TO APPEAR IN THE REFERENCED MATTER MUST ENTER A NOTICE OF APPEARANCE OR A MOTION FOR ADMISSION PRO HAC VICE NO LATER THAN TEN (10) DAYS AFTER THE ISSUANCE OF

THIS NOTICE." Dkt. No. 3. On November 20, 2019, Defendant filed a motion to dismiss Plaintiff's Complaint and a motion to stay this case pending the Court's ruling on same. Dkt. Nos. 4, 5. On November 26, 2019, the Clerk sent a notice of filing deficiency to Plaintiff's counsel for failure to enter a notice of appearance in the case within ten days of the notice of removal. Dkt. No. 7. Thirteen days later, the attorney filed a notice of appearance on behalf of Plaintiff. Dkt. No. 8. Plaintiff's counsel has not filed a response to Defendant's motion to dismiss, the deadline for which was December 4, 2019. Neither has Plaintiff's counsel filed a motion to file a response out of time. Accordingly, the motion is ripe for review.

The facts stated herein are taken solely from Plaintiff's Complaint and are assumed to be true pursuant to Rule 12(b)(6).

Plaintiff is the owner of an undivided interest in a house located at 124 Wasp Drive in Brunswick, Georgia ("the Property"). Dkt. No. 1-1 ¶ 2. With regard to the Property, Defendant Select Portfolio Servicing, Inc. has caused to be recorded a deed to secure debt which purports to bear Plaintiff's signature as one of the grantors thereto. Id. ¶ 3. Plaintiff did not sign the security deed; in other words, the signature on the Security Deed is not hers. Id. ¶ 4. Attached to Plaintiff's Complaint is a description of the Property.

Plaintiff claims that Defendant caused the Security Deed to be recorded with a forged signature and that "the Court should issue a judgment and Decree that the Defendant does not have a claim as to the Plaintiff's interest in the subject property." This appears to be a claim to remove a cloud from title pursuant to O.C.G.A. §§ 23-3-40 *et seq*. Plaintiff also asserts a claim of fraud. Plaintiff seeks a judgment that the property is free and clear of any claim by Defendant, as well as damages, including punitive damages, and attorney's fees.

In response to Plaintiff's Complaint, Defendant has filed a motion to dismiss, attaching the Security Deed which encumbers the Property and all Assignments thereof. Dkt. Nos. 4-2, 4-3. Defendant argues that it "played no role in the creation of the Security Deed and no facts are alleged to show that it did." Dkt. No. 4-1 at 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Claims of fraud are subject to the heightened pleading standard of Rule 9(b), which requires the pleader to "state with particularity the circumstances constituting" same.

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts set forth

3

in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

Defendant requests the Court take judicial notice of all exhibits it attaches to its motion to dismiss, i.e. the Security Deed for the property and all Assignments thereof. Dkt. No. 4-1 at 2 n.1. The Court does so, as it can consider public records when deciding a motion pursuant to Federal Rule of Civil Procedure 12(b) without converting the motion to a motion for summary judgment. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999).

Defendant argues that Plaintiff's claims fail because she has not alleged any facts showing that Defendant is the holder of the Security Deed, and the public records affirmatively show that it is not. Further, Defendant argues that Plaintiff has failed to allege any facts showing that she has title to the Property and has stated in only conclusory fashion that she is the owner of the Property.

Though generally a Court accepts as true the allegations contained in the Complaint, here, the public records attached to Defendant's motion to dismiss, i.e. the Security Deed and Assignments thereof, appear to disprove Plaintiff's allegations that Defendant is the holder of the Security Deed. Plaintiff's conclusory assertion that Defendant committed fraud by forging her signature may not meet the heightened pleading requirement of Rule 9(b).

The Complaint was originally filed in the state system. Plaintiff is permitted to amend her complaint within **seven (7) days** of the date of this Order. Plaintiff's failure to timely file an amended complaint that meets the pleading standards of federal court will result in dismissal of this action with prejudice.

## CONCLUSION

Plaintiff is permitted to file an amended complaint within seven (7) days of the date of this Order. The Court defers ruling on Defendant's motion to dismiss, dkt. no. 4, for now. Defendant's motion to stay, dkt. no. 5, is **GRANTED**. All deadlines will be stayed until further order of the Court.

**SO ORDERED**, this 10th day of December, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA