**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| RUTHIE LEE,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendant. | Case No. 2:19-cv-00140-LGW-BWC |

**SELECT PORTFOLIO SERVICING'S RESPONSE TO PLAINTIFF'S RESPONSE TO THE ORDER OF THE COURT REGARDING FEDERAL JURISDICTION**

COMES NOW, Select Portfolio Servicing, Inc. ("SPS"), Defendant in the above-styled civil action, and files this Response to the Plaintiff's Response to the Order of the Court Regarding Federal Jurisdiction, respectfully showing this Honorable Court as follows:

**RELEVANT FACTS AND PROCEDURAL HISTORY**

This case began in Glynn County Superior Court and was removed by SPS on November 13, 2019. [Doc. 1]. In its Notice of Removal, SPS asserted that this Court possesses diversity jurisdiction under 28 U.S.C. § 1332 because the Plaintiff is a Georgia citizen, SPS is a Utah citizen, and the amount-in-controversy exceeds $75,000.00. To support its assertion that the amount-in-controversy requirement was satisfied, SPS stated as follows:

> 15. The Plaintiff seeks a judgment cancelling a security deed as to her interest in the property located at declaratory judgment regarding ownership of the property located at 124 Wasp Drive, Brunswick, GA 31525 (the "Property"). *See* Compl., ¶ 5.
> 16. The subject security deed was executed by Charlie and Ruthie Lee (although Ruthie Lee contends in this action that her signature was forged) on March 9, 2005 and conveyed the Property to Long Beach Mortgage Company (the "Security Deed"). The Security Deed was recorded in Deed Book 1639, Page 449, Glynn County, Georgia records. A true and correct copy of the Security Deed is attached hereto as Exhibit "B".

1

> 17. The Glynn County Tax Assessor values the Property at $203,900.00. A true and correct copy of the Tax Assessor's Record is attached hereto as Exhibit "C". The amount due and owing under the Security Deed as of August 13, 2019, was $436,471.09. Thus, the Plaintiff's interest is fully encumbered by the Security Deed and if the Plaintiff were to prevail in this action, she would obtain a benefit of an unencumbered one-half interest in the Property, which equates to $101,950.00. Because the Plaintiff will obtain a benefit of over $75,000.00 if it prevails in this case, the amount-in-controversy exceeds $75,000.00.

*Id.* at pp. 2-3, ¶¶ 15-17.

Following removal, SPS moved to dismiss the case for failure to state a claim upon which relief can be granted. [Doc. 4]. The Plaintiff failed to respond, and this Court entered an Order on December 10, 2019, directing that the Plaintiff file an Amended Complaint within seven days or the case would be dismissed with prejudice. [Doc. 9]. An Amended Complaint was timely filed [Doc. 10] and is basically identical to the original Complaint. *Compare* [Doc. 1-1] *with* [Doc. 10]. After the Amended Complaint was filed, this Court entered an Order denying the Motion to Dismiss as moot and directing the Plaintiff to "set forth the basis for federal jurisdiction of the claims contained in her amended complaint" by December 27, 2019. [Doc. 11]. On December 27, 2019, the Plaintiff responded to the order with a filing asserting that the amount-in-controversy requirement is not satisfied and requesting that the case be remanded. [Doc. 12]. SPS thus construes this filing as a Motion to Remand, as is responding as such.

The Plaintiff contends that the value of the Property is not $203,900.00 and that other properties on the same street – although she declines to say which ones or how they compare to the subject Property – "have sold for substantially less than $100,000.00 in the recent past." *Id.* at p. 2. This conclusory assertion is insufficient to counter SPS's well-supported allegations regarding amount-in-controversy and this Court should find that is possesses subject matter jurisdiction.

## ARGUMENT AND CITATION OF AUTHORITY

Pursuant to 28 U.S.C. § 1446(a), a notice of removal must "contain[ ] a short and plain statement of the grounds for removal . . . ." If the amount-in-controversy in an action removed for diversity jurisdiction is not present on the face of the pleading or if nonmonetary relief is sought, then the amount-in-controversy shall be stated in the notice of removal. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has construed this to mean that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 89 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 89 (2014). Under § 1446(c)(2)(B), a court must find "by a preponderance of the evidence, that the amount in controversy exceeds [$75,000.00]."

In the present case, the Plaintiff is seeking to cancel a security deed as to her undivided interest in the Property located at 124 Wasp Drive, Brunswick, GA 31525. As set forth in the Notice of Removal – and supported by the Glynn County Tax Assessor's record – the fair market value of the Property is $203,900.00. Further, SPS stated that the amount of the debt due and owing under the subject security deed is $436,471.09 – more than double the value of the Property. As such, the Plaintiff's interest is fully encumbered and there is no equity in the Property that is not subject to the security deed. "When a party seeks equitable relief, 'it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Rosetti v Bank of New York Mellon Trust Co. Nat'l Ass'n*, No. 2:15-CV-169-WCO-JCF, 2015 WL 11455763, at *2 (N.D. Ga. Oct. 23, 2015) (quoting *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997)). The

value is measured from the Plaintiff's viewpoint. *Ericcson*, 120 F.3d at 220. With respect to quiet title cases, the value of the subject property is the appropriate measuring stick. *See id.* (citing *Hosseinzadeh v. Green Point Mortg. Funding, Inc.*, 577 F. App'x 925, 927 (11th Cir. 2014); *Rowe v. Bancorp*, 569 F. App'x 701, 703 (11th Cir. 2014)).

Here, the Plaintiff owns the Property with her husband as joint tenants with rights of survivorship. Under Georgia law, this means that the Plaintiff "has the same rights as [her husband] to use and possess the property" and each has an interest that is "undivided, that is, 100 percent." *Ga. Farm Bureaus Mut. Ins. Co. v. Franks*, 793 S.E.2d 427, 431 (Ga. Ct. App. 2013) (quoting *Sams v. McDonals*, 160 S.E.2d 594 (Ga. Ct. App. 1968)). Thus, from the Plaintiff's perspective, if she prevails in this case, then she will be obtaining her interest – 100 percent – free and clear of the security deed which encumbers the entire value of the Property.

Here, SPS has presented unrebutted evidence that the value of the Property is $203,900.00. In response, the Plaintiff simply said that it is not and that certain unidentified properties on the same street have sold for substantially less than $100,000.00. However, she has provided no evidence whatsoever to support her assertions, and these conclusory statements fail to rebut what has been presented by SPS. Moreover, the sale of other properties is wholly irrelevant without evidence showing that this bears on the value of the subject property. For example, the square footage, age, and condition of the properties may be vastly inferior to the Plaintiff's Property. SPS submits that it has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 and this Court should find that it has subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, SPS respectfully requests that this Court find that it has subject matter jurisdiction.

Respectfully submitted, this 3rd day of January 2020.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, GA 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>
>*Attorney for Select Portfolio Servicing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 3rd day of January 2020, filed the within and foregoing by CM/ECF, which will serve this document electronically on the following:

W. Douglas Adams
1829 Norwich Street
P.O. Box 857
Brunswick, GA 31521

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)