# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 2:27 pm, Aug 05, 2020

RUTHIE LEE,

     Plaintiff,

     v.

SELECT PORTFOLIO SERVICING,
INC.,

     Defendant.

CV 2:19-140

## ORDER

Before the Court are Defendant Select Portfolio Servicing, Inc.'s ("SPS") renewed motion to dismiss, dkt. no. 13, and Plaintiff Ruthie Lee's ("Plaintiff" or "Lee") motion to remand, dkt. no. 12. The motions have been fully briefed and are ripe for review.

## BACKGROUND

Lee is the owner of an undivided interest in a house located at 124 Wasp Drive in Brunswick, Georgia ("the Property"). Dkt. No. 10 ¶ 2. Recorded in the county records is a deed to secure debt on the Property which purports to bear Lee's signature as one of the grantors thereto ("Security Deed"). Id. ¶ 3. Lee alleges that she did not sign the Security Deed and that SPS, the servicer for the loan, "or its predecessors," caused the forged deed to be

recorded.  See id. ¶¶ 3-4; Dkt. No. 15-1. SPS has threatened to foreclose upon the Property.  Id. ¶ 7.

On July 23, 2019, Lee filed a complaint in the Superior Court of Glynn County seeking cancellation of the Security Deed.  Dkt. No. 1-1.  The complaint contained two claims:  first, the removal of a cloud from title pursuant to O.C.G.A. §§ 23-3-40 et seq.; second, a fraud claim.  The Property at issue in this case is also at issue in a parallel bankruptcy proceeding wherein Lee and SPS are parties.  See No. 17-20316 (Bankr. S.D. Ga.).

On November 13, 2019, SPS removed this action to federal court, basing jurisdiction upon diversity of citizenship, 28 U.S.C. § 1441, and timely moved to dismiss the complaint.  Dkt. Nos. 1, 4.  The Court deferred ruling on that motion and allowed Lee seven days to amend the complaint.  Dkt. No. 9.  Lee did so, but her amended complaint did not set forth a basis for diversity jurisdiction.  Dkt. No. 10.  Questioning whether subject matter jurisdiction exists, the Court ordered Lee to set forth the basis of federal jurisdiction of her claims.  Dkt. No. 11.  Lee responded, stating that while the parties were diverse, she did not believe the $75,000 amount-in-controversy requirement for diversity jurisdiction had been met.  Dkt. No. 12.  As such, Lee requested that this case be remanded to state court.  Id. at 2. Thereafter, SPS renewed its motion to dismiss, raising the same arguments that it raised in its initial motion.  Dkt. No. 13.

Since then, the parties have exchanged briefs regarding whether the value of the Property at the heart of this lawsuit, or more specifically *Lee's interest* therein, meets the $75,000 jurisdictional requirement.  Dkt. Nos. 14–17.

## LEGAL STANDARD

A motion to dismiss does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Therefore, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Claims of fraud are subject to the heightened pleading standard of Rule 9(b), which requires the pleader to "state with particularity the circumstances constituting" same. Although a complaint need not contain detailed factual allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

### I. Subject Matter Jurisdiction and Plaintiff's Motion to Remand

Before the Court can reach the merits of this case, it must determine that it has subject matter jurisdiction thereof. SPS based removal upon diversity jurisdiction. 28 U.S.C. § 1332. The parties appear to agree that diversity of citizenship exists;

therefore, the question is whether the $75,000 amount in controversy requirement is met.

Lee and her husband, Charlie Lee, own the Property as joint tenants with right of survivorship. Dkt. No. 10 at 5. When SPS removed this action, it alleged the amount-in-controversy requirement had been met by pointing to the Property's county tax assessment for 2019. The tax assessment values the property at $203,900.[1] Lee does not contest the tax assessment itself but states that SPS's valuation is "contradicted by the previous representations made by Select Portfolio in the United States Bankruptcy Court." Dkt. No. 15 at 1-2.

Lee states "it is unknown if [her] claims against the Defendant will exceed $75,000.00 or not" and requests that the Court remand this action to state court. Dkt. No. 12 at 2. Plaintiff's husband, Charlie Lee, signed an affidavit stating that, due to hurricane damage, he "believe[s] it would be very

---

[1] The Court may consider the tax assessment because it is a publicly available document and is central to the amount in controversy issue. See Cole v. Chase Home Fin., LLC, No. 3:12-CV-112-TCB, 2012 WL 13028173, at *3 (N.D. Ga. Oct. 30, 2012) (taking judicial notice of a property tax statement) (citing Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n, 177 F. App'x 52, 53 (11th Cir. 2006)). The Court can consider public records when deciding a motion pursuant to Federal Rule of Civil Procedure 12(b) without converting the motion to a motion for summary judgment. Universal Express, 177 F. App'x at 53 ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. Public records are among the permissible facts that a district court may consider."); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010) ("[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal.").

hard to sell the [Property] for more than $80,000 in its current condition." Dkt. No. 17 at 4 ¶ 3.  Mr. Lee also states he "do[es] not believe that any houses [in the neighborhood] have sold for over $100,000.00."  Id.  Furthermore, Plaintiff Lee argues that because she and her husband are joint tenants with a right of survivorship, her interest in the Property is "less than one half of the market value," because "it is difficult to borrow money against an undivided interest, and because . . . both of the joint owners have the right to own and possess the property." Dkt. No. 17 at 2.  Finally, Lee argues that, contrary to SPS's contention, her interest is not 100 percent of the Property's fair market value because her husband could sell his interest in the Property to someone else.  Dkt. No. 17 at 1-2.  In summary, Lee assesses her interest in the Property to be less than $40,000, which is below the $75,000 jurisdictional requirement.

SPS argues that since Lee and her husband are joint tenants, both have a "100 percent interest" in the property.  Dkt. No. 16 at 2.  As such, SPS argues, "even if the property value was $100,000.00, then the amount in controversy is that amount, since the Plaintiff has a 100% interest."  Id.

The Eleventh Circuit has held that, "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence."  Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th

Cir. 2007).   In a case where the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006).   "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'" Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

While the parties have cited and the Court has found no cases directly on point, i.e. in the joint tenancy context, the Court concludes that SPS, as the removing party, has shown by a preponderance of the evidence that the amount in controversy requirement is met.   The Court finds instructive Georgia Farm Bureau Mutual Insurance Co. v. Franks, 739 S.E.2d 427, 431 (Ga. Ct. App. 2013).   There, the Georgia Court of Appeals rejected an insurer's argument that its insured, a joint tenant with right of survivorship, had a fifty-percent ownership interest such that his recovery was limited to a fraction of the policy limits.

> Although one who owns property with another as joint tenants with right of survivorship is commonly (and confusingly) referred to as having a "one-half undivided interest," this is not in all ways the equivalent of each having a 50 percent ownership interest. See Sams v.

7

McDonald, 117 Ga. App. 336, 340–341(1)(b), 160 S.E.2d 594 (1968).

The properties of a joint estate are derived from its unity, which is fourfold: the unity of interest, the unity of title, the unity of time, and the unity of possession; or, in other words, joint-tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession.... The principal distinguishing characteristic of estates in joint-tenancy is, that on the death of one the right in the estate survives to the other to the exclusion of the heirs and representatives of the deceased joint-tenant.

(Citations and punctuation omitted.) Id. Thus, although ownership is shared, the title and interest are not divided into fractional shares. Id. It follows that, although [the first joint tenant with right of survivorship] also had the same rights as [the second joint tenant with right of survivorship] to use and possess the property, [the second joint tenant's] title and interest in the insured property was undivided, that is, 100 percent.

Id.

Here, Lee's monetary interest in the Property is analogous to the insurable interest in Franks: "undivided, that is, 100 percent." Thus, even if the Court were to accept Lee's husband's assessment that the Property's value is $80,000, Lee's interest in it is 100 percent of that, or $80,000, which meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. Lee's hypothetical scenario where her husband sells his half-interest in the Property, such that Lee's interest would be fifty-percent of the Property's value, is not the situation before the Court, and the Court "will not give advisory opinions." Knight v.

Fla. Dep't of Corrs., 936 F.3d 1322, 1338 (11th Cir. 2019) (internal quotations omitted).

Moreover, in both the original complaint and amended complaint, Plaintiff asserts she is entitled to recover attorney fees, as well as punitive damages. Dkt. No. 1-1 at 4; Dkt. No. 10 ¶¶ 10-11. Attorney fees and punitive damages, when allowed by applicable state law, may be included in determining amount in controversy for purposes of establishing federal jurisdiction. Blank v. Preventive Health Programs, Inc., 504 F. Supp. 416, 421 (S.D. Ga. 1980); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) (noting that a reasonable amount of attorney fees is included in amount in controversy); Prince Hotel, S.A. v. Blake Marine Grp., 858 F. Supp. 2d 1287, 1298 (S.D. Ala. 2012) (in establishing amount in controversy for purposes of diversity jurisdiction, plaintiff is not required to claim a specific punitive damages amount, rather, the court may evaluate a reasonable range). Here, Plaintiff alleges fraud in her complaint. Under Georgia law, a favorable verdict on a fraud claim can support the award of punitive damages and attorney fees. S. Prestige Homes, Inc. v. Moscoso, 532 S.E.2d 122, 127 (Ga. Ct. App. 2000). After considering the parties' briefs and attachments thereto, as well as the allegations contained in the amended complaint, the Court concludes that the amount in controversy is met. Thus, the Court has diversity jurisdiction over this case.

9

Consequently, the Court **DENIES** Lee's motion to remand.  Dkt. No. 12.

## II.  Defendant's Motion to Dismiss

The Court will now address the merits of SPS' motion to dismiss.  Dkt. No. 13.

### A. Plaintiff's Claim to Remove Cloud from Title

SPS argues that Lee's quiet-title claim fails because she has not alleged any facts showing that SPS is the holder of the Security Deed, and the public records affirmatively show that it is not.[2]  Dkt. No. 13-1 at 5.  SPS contends that if Lee seeks to cancel the Security Deed, she must make the holder of the Security Deed a party; "[o]therwise, there are grave due process concerns." Id.

Here, the public records attached to SPS' motion to dismiss, i.e. the Security Deed and Assignments thereof, appear to indisputably show that SPS is not the holder of the Security Deed. Further, in its response to SPS' motion to dismiss, Lee does not dispute that SPS is not the holder of the note.  Indeed, the Security Deed and Assignments indicate that Deutsche Bank National

---

[2] Again, the Court may take judicial notice of public records, including in this case the Security Deed and Assignments thereof, filed in the Superior Court of Glynn County, when considering a motion to dismiss. Mcfarland v. BAC Home Loans Servicing, LP, No. 1:11-CV-04061-RWS, 2012 WL 2205566, at *1 n.2 (N.D. Ga. June 14, 2012) (taking judicial notice of security deed) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1990)).  This does not convert the motion into one for summary judgment.  Id. (citing Universal Express, 177 F. App'x at 53).

Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1, Asset-Backed Certificates, Series 2005-WL1 ("Deutsche Bank"), is the holder of the Security Deed. Deutsche Bank is not a party to this lawsuit. If the Court were to declare void the lien of a party not before it, the Court would violate the party's right to due process. See, e.g., Morris v. Mobley, 155 S.E. 8, 11 (Ga. 1930); In re Pinnock, 594 B.R. 609, 618 (Bankr. S.D.N.Y. 2018). As such, the Court must **DISMISS** this claim.

### B. Plaintiff's Fraud Claim

The Court has already determined that this case must be dismissed in order to preserve Deutsche Bank's right to due process. However, for the sake of thoroughness, the Court also addresses Lee's fraud claim.

Determining whether a fraud claimant survives a motion to dismiss requires both an analysis of whether the complaint generally states a claim that is plausible on its face, see Twombly, 127 S. Ct. at 1974, and whether the fraud claim itself satisfies the heightened pleading standard of Fed. R. Civ. P. 9(b). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

Pursuant to Rule 9(b), a plaintiff making a fraud claim must allege: "'(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person

11

responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff[ ]; and (4) what the defendant[ ] gained by the alleged fraud.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)). In cases involving multiple defendants, a plaintiff must set forth facts regarding each defendant's participation in the alleged fraud. Id. (citing Brooks, 116 F.3d at 1381).

This rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988) (internal quotation marks omitted). The application of Rule 9(b), however, must not abrogate the concept of notice pleading under the federal rules. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985) ("[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize . . . [R]ule 9(b) with the broader policy of notice pleading."). While remaining cognizant of the foregoing principles, the Court will address SPS' motion to dismiss with regard to Lee's allegation of fraud.

Lee's fraud claim against SPS fails. As an initial matter, the precise nature of the allegations against SPS is unclear. The

12

entirety of Lee's fraud allegation against SPS is: "Defendant, or its predecessors, by and through their agents, caused the Plaintiff's purported signature to be placed on the aforesaid security deed, which constitutes forgery, and which also constitutes intentional fraud." Dkt. No. 10 at 6. Lee does not identify who at SPS "caused" Lee's signature to be "forged" or the circumstances surrounding the alleged forgery, much less the time or place same occurred. Neither does Lee identify another person, other than a vague reference to SPS' "predecessors," who might have done so. Secondly, although Lee references impending foreclosure proceedings involving the Property, Lee does not explain what SPS, as the loan servicer, rather than the holder of the Security Deed, would gain from fraudulently placing her name on the Security Deed. Finally, the Court has already given Lee a chance to amend her complaint, dkt. no. 9, pointing out that Lee's original complaint might "not meet the heightened pleading requirement of Rule 9(b)." Id. at 5. After reviewing Lee's amended complaint, the Court must conclude that Lee failed to address any of the concerns expressed the Court—and by Defendant in its original motion to dismiss—regarding her fraud claim. Accordingly, the Court concludes that any attempt by Lee to amend her complaint to comply with Rule 9(b) would be futile. See Jackson v. Serra Chevrolet, Inc., No. 2:06-CV-2281-RDP, 2007 WL 9711699,

at *1 (N.D. Ala. Jan. 29, 2007).  For these reasons, Lee's fraud claim is also **DISMISSED**.

<u>CONCLUSION</u>

Defendant SPS' Motion to Dismiss, dkt. no. 13, is **GRANTED.** This case is **DISMISSED without prejudice**.  Plaintiff's motion to remand, dkt. no. 12, is **DENIED**.  The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 5th day of August, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA